HOUCK *et al.*, *Appellants* v. CROSS.

1. Judgment: EXECUTION: VARIANCE BETWEEN THEM. A judgment contained a clause directing that the debt and damages recovered should be made of the goods and chattels of the debtor. The execution commanded the officer to make the judgment of the goods and chattels, and if sufficient could not be found, then of the lands

and tenements of the debtor. The execution conformed to the law, in force at the time. Under it lands were sold and a deed executed by the sheriff. This deed being assailed in ejectment on the ground of variance between the execution and the judgment; *Held*, that there was no real variance; 1st, Because the execution directed the officer to do precisely what was ordered by the judgment, only supplementing the judgment with the additional command to levy on lands and tenements in default of goods and chattels, as the law directed. 2nd, Because the law directed the mode of enforcement, and the direction contained in the judgment was superfluous and, viewed as a judicial decree, was void.

2. **Sheriff's Deed**: HOW IT MAY BE AVOIDED FOR IRREGULARITY IN THE SALE. If a sheriff's sale be made on a day different from that on which it is advertised to be made, the defendant in the execution, or his creditor, if damaged thereby, may by a timely application have the sale set aside; but where the sheriff has made a deed, good upon its face, to the purchaser, who was a stranger to the execution, and there is no evidence in any way connecting him with the mistake made, or tending to show it to have been fraudulent, the deed cannot be collaterally assailed after the lapse of half a century for such irregularity.

*Appeal from Cape Girardeau Circuit Court.*—HON. D. L. HAWKINS, Judge.

*Houck & Ranney* for appellants.

The execution must accurately follow the judgment. 1 Robinson's Practice, p. 508; *Bain v. Chrisman*, 27 Mo. 294; *Lillington's Case*, 7 Coke 33, 59; Herman on Ex. p. 42, § 55. The judgment was doubtless merely revived against the goods and chattels, because the heirs and devises interested in the real estate of Steinbeck were not made parties to the *scire facias*. *Erwin's Lessee v. Dundas*, 4. How. 78. A sale made before the day advertised, is not only a sale without notice, but a sale under circumstances calculated to deter bidders, and *prima facie* would appear to be fraudulent. *Mers v. Bell*, 45 Mo. 345.

*Dennis & Wilson* for respondent.

The judgment against Byrne, executor, &c., directing

execution to issue against the goods and chattels, &c., was a mere clerical error. It is the policy of the law that the title of purchasers acquired at judicial sales, shall be maintained, and a sale may be valid though the statutory requirements may not be complied with. Herman on Ex., p. 512, § 342. The deed of the sheriff to John Cross conveyed Steinbeck's title. *Stewart v. Severance,* 43 Mo. 322; *Lenox v. Clark,* 52 Mo. 115; *Union Bank v. Mc Wharters,* 52 Mo. 34.

HOUGH, J.—This was an action of ejectment for a lot in the city of Cape Girardeau, in which judgment was rendered for defendant. Plaintiffs and defendant both claimed under D. F. Steinbeck, as the common source of title. The defendant claimed title under an execution sale of the interest of the common grantor, Steinbeck, in the lot sued for, and on the validity of this sale and the deed made by the sheriff in pursuance thereof, depend the rights of the parties. The circumstances of the sale are as follows: On April 19th, 1822, one Conrad Schultz obtained a judgment in the circuit court of Cape Girardeau county, against D. F. Steinbeck, for the sum of $3,790.91 debt, and $804.92 damages. On the 23rd of December, 1825, Steinbeck having in the meantime died, this judgment was, by *scire facias* revived against his executor. The judgment on *scire facias* concludes as follows: "It is therefore considered by the court that the said judgment be and stand revived against the said Thomas Byrne, executor as aforesaid, and that the said plaintiff have execution against the said Thomas Byrne, executor as aforesaid, for the said sum of three thousand seven hundred and ninety dollars and ninety-one cents for debt, and the sum of eight hundred and four dollars and ninety-two cents for damages, together with legal interest thereon from the nineteenth day of April, A. D. 1822, (the day of the rendition of the judgment aforesaid,) until now, and that he have and recover against defendant his costs and charges in and about his

*scire facias* expended, and to be made of the goods and chattels of the said Daniel F. Steinbeck, deceased, remaining in the hands of said Thomas Byrne, executor aforesaid, to be administered, &c." This entry is evidently incomplete as its termination shows, but it must be considered as it appears in the record.

The execution issued upon this judgment was in conformity with the second section of the revised statutes of 1825, in relation to executions, and commanded the officer "that of the goods and chattels of the said Daniel F. Steinbeck, deceased, remaining in the hands of the said Thomas Byrne, executor as aforesaid, to be administered, you cause to be made the aforesaid debt, damages, interest and costs, and if sufficient goods and chattels which were of the said Daniel F. Steinbeck, deceased, cannot be found in your county, then of the lands and tenements which were of the said Daniel F. Steinbeck, deceased, at the time of his death, you cause to be made the debt, damages and costs," &c. Under this execution the lot in question was sold, and the ancestor of the defendant became the purchaser.

It is contended by the plaintiff that there is a fatal variance between the judgment and the execution. It is

1. JUDGMENT: execution: variance between them. not denied that the execution was issued upon the judgment above recited, as that is established beyond question by the recitals in the execution, but it is argued that as the judgment only directed the execution to be levied of the goods and chattels of the deceased, the execution departs from the judgment, in requiring a levy to be made on the lands and tenements of the deceased, in default of a sufficient amount of goods and chattels, and is therefore null and void. It is not entirely clear from the phraseology employed, that the words of the judgment, "to be made of the goods and chattels," are applicable to the execution ordered for the debt and damages, or that they apply to anything but the costs on the *scire facias*, but conceding that they do, there is no real

variance between the judgment and the execution.  If the judgment had been entirely silent as to the manner in which the execution should be levied, it is manifest that the execution would be entirely free from objection, as it is in precise conformity with the statute.  In so far as the judgment undertakes to prescribe the manner in which the writ shall be executed, it is entirely consistent with the method prescribed by the act on executions.  Now the execution directs the officer to do precisely what is ordered by the judgment, but it supplements the judgment, by directing, as the statute provides it shall, that in the event the goods and chattels are insufficient, the officer shall levy on the lands and tenements.

·  But another view may be taken of this matter.  The execution under consideration is, in itself, unexceptionable.·  It is just such an execution as the law required to be issued.  The court, the date, the parties, the amount and the general character of the judgment are all correctly stated.  · Whatever difficulty exists, arises from the directions contained in the judgment, as to the manner of enforcing the execution.  In our opinion, the judgment might with equal propriety, have undertaken to prescribe the time and manner of advertising the sale, the mode of conducting the sale, the form of the return, and the character of the conveyance to be executed by the sheriff.  These matters are all prescribed by law, and are not subject to regulation or change by the court, nor within the compass of its jurisdiction.  The requirement in question was entirely superfluous, and although not in conflict with the law, as far as it went, it was, viewed as a judicial decree, not simply an error, but unauthorized and void.

The objection made to the sheriff's deed is, that it fails to recite the advertisement, and that the copy of the

2. SHERIFF'S DEED: how it may be avoided for irregularity in the sale.

advertisement returned by the sheriff with the execution, shows that the sale was advertised to be made on the 11th day of April, 1827, whereas the deed recites that it was made on the

9th day of April, 1827. No testimony was adduced to explain the discrepancy in dates, and it is doubtful whether any testimony on that subject was attainable after the lapse of half a century from the date of the transaction; and if the discrepancy were even of a more serious character, we should not feel inclined, under the circumstances, to view it with a very critical eye. If the sale was irregular in the particular complained of, the defendant in the execution, if damaged thereby, or his creditors, might by a timely application have had the same set aside. But it is wholly immaterial, so far as the present case is concerned whether the sheriff gave any notice whatever. The deed is good upon its face, the title passed thereby and its validity cannot, for the alleged irregularity, be assailed in this action. *Curd v. Lackland,* 49 Mo. 451. Conceding that there was no mistake in the copy of the advertisement returned by the sheriff, and that the land was sold on the wrong day, the purchaser was a stranger to the execution, and there is no evidence connecting him in any way with the mistake made, or tending to show that the mistake was a fraudulent one. The judgment will be affirmed. All the judges concur.

AFFIRMED.