MITCHELL et al., Appellants, v NODAWAY COUNTY et al.

1. **Deed of Trust**: SALE: VALIDITY. A sale of real estate under a deed of trust executed before the late civil war is valid, although the grantors in the deed made to secure payment of promissory notes were citizens and residents of a state declared to be in insurrection at the time of the sale made while the war was in progress.

2. **Sheriff's Deed**: ADVERTISEMENT: CLERICAL MISTAKE: EVIDENCE. A clerical mistake in an advertisement of sale of real estate by the sheriff, is insufficient to contradict the recitals in the sheriff's deed, which are by statute made evidence of the facts stated. R. S. 1855, § 56, p. 748 ; R. S. 1879, § 2392. Irregularities in the advertisement will not invalidate the title of bona fide purchasers who had no notice of such irregularities and no part in their commission.

3. **Swamp Lands**: TITLE: RIGHT OF COUNTY TO PURCHASE AT MORTGAGE SALE. Under the act of February 23rd. 1855, (R. S. 1855, chap. 93,) and previous acts, the absolute title to the swamp lands in the different counties vested in them respectively, and when purchased of the county with mortgage to secure the purchase money, the county has the right to buy them in, the same as a purchase by a private mortgagee.

*Appeal from Nodaway Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

17—80

*William Heren* for appellants.

Nodaway county had not the right to sell the lands of appellants and make title thereto during the progress of the civil war, when appellants were residents within the confederate lines before and all the time during the war. *De Jarnette v. De Giverville*, 56 Mo. 451, dissenting opinion of Judge Napton ; *McMerty v. Morrison*, 62 Mo. 140; *Douthitt v. Stinson*, 63 Mo. 268; *Martin v. Paxson*, 66 Mo. 260. The sale was without notice and was void. Herman on Ex., p. 345 ; *Olcott v. Robinson*, 21 N. Y. 150 ; 20 Barb. 148. He who buys under a power, buys at his peril, and acquires no title unless he can show a valid, subsisting power. Herman on Ex., 419, § 255; 18 John. 441; 36 Mo. 521; 37 Mo. 365. The proceedings being in derogation of common right, nothing can be presumed in their favor, but every requirement of the law must be complied with. 9 Mo. 882 ; 4 Pet. 349; 19 John. 7 ; 4 Hill 76, 92. Nodaway county had no right to buy the land. *Ray Co. v. Bently*, 49 Mo. 236 ; *Holt Co. v. Harmon*, 59 Mo. 165. Appellants brought this suit within ten years, the time required by the statute of limitations. *Kelly v. Hurt*, 61 Mo. 463 ; *Rogers v. Brown*, 61 Mo. 187.

*Johnston & Jackson* and *Dawson & Anthony* for respondents.

The mortgaged lands were within the jurisdiction of the court, and the right to make the order of sale was not suspended during the late war because the mortgageors were residents of Tennessee. *University v. Finch*, 18 Wall. 106 ; *De Jarnette v. De Giverville*, 56 Mo. 440 ; *Black v. Gregg*, 58 Mo. 566. The county court had jurisdiction and no notice was necessary. *Hurt v. Kelly*, 43 Mo. 238 ; *Seymour v. Bailey*, 66 Ill 288, 297. The mortgage might have been foreclosed any time after January 1st, 1860. This suit was not commenced until eight years and eight months

after the sale, and the claim was too stale. *Moreman v. Talbott*, 55 Mo. 392; *Stevenson v. Saline Co.*, 65 Mo. 425; *Carpenter v. Carpenter*, 70 Ill. 457; *McQuiddy v. Ware*, 20 Wall. 14. The land being "swamp or overflowed lands," the county had a right to purchase them. *Linville v. Bohanan*, 60 Mo. 554; *Stevenson v. Saline Co.*, 65 Mo. 425. The sale certainly becomes absolute in the hands of a second party—a *bona fide* purchaser. *Thornton v. Irwin*, 43 Mo. 153; *Landrum v. Bank*, 63 Mo. 48; *Vogler v. Montgomery*, 54 Mo. 577. The failure of the sheriff to advertise does not vitiate the sale. *Curd v. Lackland*, 49 Mo. 451; *Bryson v. Draper*, 17 Mo. 83. The sheriff could make a new deed properly describing the lands, if in accordance with the facts. *Ware v. Johnson*, 55 Mo. 500; *Porter v. Mariner*, 50 Mo. 364.

RAY, J.—This is a proceeding in the nature of a bill in equity, to set aside a sale of certain "swamp and overflowed lands" in Nodaway county, Missouri, made by the sheriff of that county under a common statutory school mortgage with power of sale on default, and the order of the county court thereon, as provided by sections 22 and 30 of article 2, chapter 143, Revision of 1855, pages 1424, 1425; and also to cancel the sheriff's deed for said lands made to said county at said sale; and also to cancel certain other deeds for said lands thereafter made by said county to various other parties, and allow the plaintiffs to redeem said lands by the payment of the mortgage debt and interest, for which purpose the plaintiffs bring into court and tender the money so due and owing. The grounds of relief charged in the petition and insisted on here, are: 1st, That the sale of said lands, the order of the court and all other proceedings touching the foreclosure of said mortgage were unlawful, null and void, for the reason that they all occurred during the late civil war between the United States, including the State of Missouri and said Nodaway county, on the one side, and the so-called confederate states, including

the state of Tennessee and the county of Jefferson, on the other, and while the plaintiffs were citizens and residents in the latter state and county and within the confederate lines. That by the laws of war, the act of congress and the proclamation of the President touching the same, all commercial intercourse and business transactions of whatever kind between individual citizens of said belligerents were suspended, forbidden and made unlawful; and that all remedies and proceedings, judicial or otherwise, for the collection of debts between the inhabitants of Jefferson county, Tennessee, and Nodaway county, Missouri, and between said Nodaway county and these plaintiffs, were by the rules of war and laws of nations also suspended and rendered unlawful, null and void. 2nd, That the advertisement for the sale of said lands under said mortgage was for the 3rd day of March, 1864, while the sale took place on the 3rd day of May, 1864, without any other or further notice thereof. 3rd, That Nodaway county had no right or power to become a purchaser of said lands at said sale.

The answers of defendants substantially took issue on all these allegations of the petition, claiming that said sales, proceedings and conveyances were all legal and valid; that the advertisement as well as the sale was for the 3rd day of May, and that said Nodaway county had the right and power to become the purchaser of said lands at said sheriff's sale. The answers further charge that the purchase of said lands by Nodaway county was for a valuable consideration and fairly made, and that all its subsequent sales of said lands to the various purchasers and holders thereof were for a valuable consideration, in good faith, and without any notice on the part of said purchasers of any irregularity in the sale and foreclosure of said mortgage, if any there was; that most of said purchasers had taken possession and made valuable and lasting improvements thereon, long before the plaintiffs commenced this suit, and that plaintiffs, if they ever had any rights or equities in the premises, have slept thereon, and by their laches are now

estopped from setting up the same as against said subsequent purchasers and holders of said lands.

The material facts as shown by the record, are substantially: That the lands in question are situated in Nodaway county, Missouri, and were what is known as "swamp and overflowed lands" belonging to said county under certain grants from the general government and the State of Missouri, for the purpose therein declared. That plaintiffs bought them from said county and gave the county their note or bond for the purchase money, due and payable the 1st day of January, 1860, and received from said county a deed therefor, and at the same time executed to said county the statutory mortgage in question, with power of sale therein on default, to secure the payment thereof. The record further shows that default was made in the payment of said purchase money at the maturity thereof, and that thereafter the order in question for the sale of said lands under the power in said mortgage, together with the sale itself, as well as the sheriff's deed therefor to said county, were all made during the existence of said civil war and while the plaintiffs were citizens and residents within the confederate lines. That after the close of the war the plaintiffs came to Nodaway county, Missouri, first in 1865 and again 1868 or 1869, and learned and were advised of all the acts and doings of which they now complain, but took no steps to assert their alleged rights and equities until the institution of this suit in January, 1873. It further appears that the sheriff's deed to Nodaway county for said lands recites, among other things, in substance, that an order was made for the foreclosure of said mortgage and a writ in the nature of a *fieri facias* was duly issued thereon and delivered to said sheriff on the 4th day of April, 1864, by virtue of which said sheriff on the 7th day of April, 1864, levied on said lands, and having previous to the day of sale thereafter mentioned, given at least twenty days notice of the time and place of sale by advertisement, by virtue of which said execution and notice said sheriff, on

the 3rd day of May, 1864, agreeable to said notice, did sell said lands for cash in hand, when and where Nodaway county became and was the purchaser thereof at and for $1,000, etc.

To impeach this deed and contradict the same, as to the time at which said lands were advertised for sale, the plaintiffs after having themselves introduced said sheriff's deed as evidence, also offered and read in evidence what purported to be a copy of said advertisement, the original being lost, which in substance is to the following effect:

"*Sheriff Sale.*—That by virtue of an order of the Nodaway county court in the nature of a *fieri facias* on the foreclosure of said mortgage to me directed, I will, on Tuesday, the 3rd day of March, 1864, at, etc., proceed to sell the lands in question, (describing them,) etc. Given under my hand this 7th day of April, 1864.

(Signed)        WILL SWINFERD, Sheriff." etc.

On which is the following indorsement: "The within described real estate levied upon by virtue of the writ of execution, was all sold to Nodaway county at and for the sum of $25 per forty acres, she being the highest and best bidder therefor, except the southwest one-fourth of the southwest quarter section 33, township 62, range 34, which was sold to S.W. Jackson at and for the sum of $80. This 3rd day of May, 1864.

(Signed)        S. SWINFERD, Sheriff."

In rebuttal there was some oral testimony tending to show that the advertisement of said sale was for the 3rd day of May, and not March, as appears in said copy, and that the word March therein was a mistake and clerical error in making said copy. Upon this state of the pleadings and the evidence, the finding and judgment of the circuit court were for the defendants, from which the plaintiffs have appealed to this court and here assign the same for error.

The first point or ground of relief set up in the peti-

tion and here mainly relied on for a reversal of this cause, it will be found by an examination of the authorities touching the same, has been expressly ruled against the position claimed by the plaintiffs.   In the case of *University v. Finch,* 18 Wall. 106, the Supreme Court of the United States held as follows :   1st, "A sale of real estate made under a power contained in a deed of trust executed before the late civil war, is valid notwithstanding the grantors in the deed which was made to secure the payment of promissory notes, were citizens and residents of one of the states declared to be in insurrection at the time of the sale made while the war was flagrant.     *     *     ."   3rd, "The property of each citi-- zen found in a loyal state is liable to seizure and sale for debts contracted before the outbreak of the war, as in the case of other non-residents."   To the same effect, also, are the following authorities :   *De Jarnette v. De Giverville,* 56 Mo. 440; *Black v. Gregg,* 58 Mo. 565; *Mixer v. Sibley,* 53 Ill. 61; *Harper v. Ely,* 56 Ill. 179; *Willard v. Boggs,* 56 Ill. 163 : *Seymour v. Bailey,* 66 Ill. 288, 297; *Dorsey v. Dorsey,* 30 Md. 522.   The principle of these cases is clearly applicable to the case at bar, and they must be accepted as conclusive of this case on that point.

The second point or ground of relief set up in the petition and here relied on, is not supported by the facts in the record.   It is true that the copy of the advertisement read in evidence makes it so appear; but from the whole record we think it quite manifest that the word "March" therein is the result of a clerical error or mistake in copying.   This, indeed, is apparent upon the face of the paper itself.   While the 3rd of March purports to be the date of the sale, the advertisement itself bears date the 7th of April, nearly a month after the day fixed for the sale.   To advertise on the 7th of April that you will sell on the 3rd of March preceding, is simply absurd.   The date so fixed was a month before the sheriff received the writ.   Such evidence is clearly insufficient to contradict the recital in the sheriff's deed that the sale in question was advertised for

the 3rd of May. This recital, by statute, is made evidence of the fact so stated. § 56, p. 748, R. S. 1855, and § 2392, R. S. 1879; *Turner v. Stine*, 18 Mo. 583. Even if the said advertisement was irregular as charged, still under the authorities and facts of this case the defect is not such as to invalidate the title of the parties holding under purchases from Nodaway county. Before the institution of this suit the lands in question had all been re-sold by the county to the present holders, all of whom purchased for value, in good faith, and without any notice or participation in the irregularities charged. In such cases the authorities are uniform that such irregularities or want of advertisement will not invalidate the title of such *bona fide* purchasers. *Curd v. Lackland*, 49 Mo. 451, 454, 455; *Draper v. Bryson*, 17 Mo. 71, 73, 75; *Stewart v. Severance*, 43 Mo. 322; *Houck v. Cross*, 67 Mo. 151; *Davis v. Kline*, 76 Mo. 310; *Stevenson v. Saline Co.*, 65 Mo. 425.

The third and last point relied upon by plaintiffs has also been expressly ruled against the plaintiffs. In the case of *Linville v. Bohanan*, 60 Mo. 554, it was held that "under the act of February 28th, 1855, and the various previous acts relating thereto, the absolute title to the swamp lands in the different counties was vested in them respectively, and where purchased of the county with mortgage to secure the purchase money, the county has the right to buy them in equally as in the case of a purchase by a private mortgagee. Such a purchase is not to be confounded with the purchase of lands, such as state school lands, to which the counties never had any title." There are some minor questions and facts not material to the proper disposition of this case which it is unnecessary to notice.

As we find no error in the record, the judgment of the circuit court is affirmed. All concur.