## STEWART v. LEAD BELT LAND COMPANY et al., Appellants.

### Division One, December 22, 1906.

1. **QUIETING TITLE:** Tender of Issue of Fee Simple Title: Proof: No Common Source. Where plaintiff in his suit to quiet title tenders the issue of fee simple title, by alleging that he is the owner of the fee simple title, he cannot sustain that issue by a chain of title which starts with nothing (in this case, with no patent), there being no common source of title. The statute (sec. 650) is not broad enough to support a decree for plaintiff based on such allegations and proof.

2. ————: Origin of Title: Plat Book. An uncertified plat book, procured from the proper land office, obtained under section 9159, Revised Statutes 1899, and kept in the county clerk's office, is not evidence, because not certified, and an entry therein is no evidence that certain land was ever patented to a person whose name appears thereon. And a chain of title traced from such person starts with nothing, and is not suffi-

cient to establish a fee simple title—the parties not depending upon a common source of title.

3. **TENDER OF TAXES PAID: Act of 1903: Not Pleaded.** Where no concrete case has been made by the pleading as to the scope and meaning of the act of 1903 in reference to tendering taxes paid by defendant, the court will not undertake to construe that statute, nor determine the rights of the parties thereunder.

Appeal from Madison Circuit Court.—*Hon. Robert A. Anthony,* Judge.

REVERSED AND REMANDED.

*M. R. Smith, Moses Whybark, B. B. Cahoon, Sr.,* and *David M. Tesreau* for appellants.

While it is true that certified copies of entries of land, made by the register of the U. S. land offices, are evidence of the fact of entry of real estate from the Government of the United States, yet no such certified copy or copies were offered and in this case plaintiff wholly failed to show that the title to the land had ever passed out of the United States Government. Consequently, he utterly failed to make good the allegations in his petition as to his being the owner in fee simple of the land described in his petition. Hence, as he in no sense made out even a prima-facie case, the demurrer to the evidence should have been sustained and judgment on the testimony should have been for defendants instead of plaintiff. It is idle to require defendants to enter on any defense of title when plaintiff failed to show good and complete title. Secs. 3094, 3098, 3111, R. S. 1899; Wilhite v. Barr, 67 Mo. 284; Pabst Brewing Co. v. Smith, 59 Mo. App. 176; Payne v. Lott, 90 Mo. 681. No common source of title was proven. No evidence was introduced to prove that this land is in the possession of any one or that it is other than, in fact it is, wild land. While title in ejectment based on adverse possession may be recovered as against one claiming under the weaker title, yet such title by adverse pos-

session must be a completed title. In all questions of title the plaintiff recovers, if at all, on the strength of his title, and not on the weakness of his adversary's title. Foster v. Evans, 51 Mo. 39; Horwood v. Tracy, 118 Mo. 631; West v. Bretelle, 115 Mo. 653; Walther v. Walsh, 107 Mo. 121. Legally speaking, no adverse possession can sustain or be proof of a title in fee simple to real estate such as plaintiff alleged and was required to prove to recover either in ejectment or under section 650, Revised Statutes 1899, on which he attempted to base his action, until it is shown the title has passed out of the source of all titles in this State, to-wit, the Government, and that the completed legal title was in plaintiff at the time of the suit. Clay v. Mays, 144 Mo. 376; Finley v. Babb, 144 Mo. 403; Robinson v. Claggett, 149 Mo. 153. Section 650 does not undertake to alter that rule. One who sues under section 650 must make precisely the same proof of title he is required to make in actions of ejectment.

*E. D. Anthony* for respondent.

LAMM, J.—Suit to determine interests in, and quiet title to, 200 acres of land in Madison county, instituted July 20, 1903. Judgment for plaintiff; defendants appeal.

The petition, omitting caption and signature, follows:

"Plaintiff, for a cause of action against defendants, states that he is the owner in *fee simple,* and claims the title to the following described real estate lying, being and situate in the county of Madison in the State of Missouri, to-wit: The northeast quarter of section thirty-six, in township thirty-three, in range seven east, and the northeast quarter of northwest quarter of the same section, township and range as above; all in Madison, containing two hundred acres, more or less.

"Plaintiff further states that the defendant Lead Belt Land Company is a corporation organized under the general and special laws of the State of Missouri, and as such corporation and as such trustees and beneficiaries in a deed of trust on above-described land, claims some title, interest or estate in and to said premises, the nature and character of which claim is unknown to plaintiff and cannot be described herein, except such claim is adverse to plaintiff.

"Wherefore, the plaintiff prays the court to try to [*sic*] ascertain and determine the estate, title and interest of the plaintiff and defendants herein respectively in and to the real estate aforesaid and to define and adjudge by its judgment or decree, the title, interest and estate of the parties, plaintiff and defendants, severally in and to the aforesaid premises and for costs in this behalf expended."

The only answer in the record, that of the Lead Belt Land Company, is as follows:

"Comes now the defendant in the above-entitled cause, and for its answer to plaintiff's petition in this behalf, denies every allegation, statement and averment therein contained and all knowledge or information sufficient to form a belief thereof, except the admission by averments in plaintiff's petition as to its title and claims to the premises described in his petition; and in this connection, it avers that it has full and complete title to said premises and prays that it may be discharged hereof with costs of suit.

"Further answering, defendant avers that plaintiff is prosecuting this cause against it with full knowledge of when it obtained title to the premises described in his petition; of the exact 'nature and character' of its title and claim of title and its muniments of title and of its *bona fide* belief in the goodness of such title and yet, notwithstanding such knowledge of defendant's title,

plaintiff wilfully refuses to plead such facts in his petition, but knowingly suppresses them.

"And defendant avers that plaintiff's petition does not state facts sufficient to constitute a cause of action; wherefore, defendant says that plaintiff, under his petition, is not entitled to recover and that his suit is by virtue of section 1 of an act of the Legislature of Missouri, approved March 6, 1903, entitled, 'An Act Relating to Setting Aside of Tax Deeds,' should be dismissed and defendant prays that said cause be dismissed."

The replication reads thus (the part in italics being struck out on motion of defendant):

"Now comes the plaintiff, and for reply to defendant's answer, denies each and every allegation of new matter therein contained.

"Plaintiff, further replying, denies that there is such an Act of the Legislature of Missouri, approved March 6, 1903, entitled, 'An Act Relating to Setting Aside of Tax Deeds,' and further answering [*sic*] states that such pretended act is not properly plead in defendant's answer.

*"Plaintiff denies that he is liable under such pretended act for taxes, costs or other expenses of defendants, but for the purpose of this suit, plaintiff hereby tenders and offers to pay to defendants all taxes, if any, paid by them as soon as the amount thereof shall be ascertained by the court, if any there be, and require the defendants to set up in their answer all taxes paid by them and when and where paid and for costs of this suit."*

The replication was struck at by a motion, as follows:

"Comes now the defendant, Lead Belt Land Company and states that plaintiff seeks, as a matter of fact, to set aside and avoid a tax deed made by the sheriff of Madison county, Missouri, to certain parties and

yet, such material allegation is not set out in his said petition, and to cure such defect he attempts to plead that fact in his replication and to plead the further important fact of non-payment of taxes on the property described in said petition and the payment of taxes by the purchaser at such tax sale and subsequent guarantees [*sic*] under said purchaser, including this defendant. And in his replication he tenders all taxes paid by the said purchaser and his grantees, down to defendant Lead Lead Belt Land Company.

"It being necessary that these material facts be set up in his petition in order that a cause of action might be stated therein.

"1. Defendant, therefore, moves the court to strike out all that part of said replication, commencing with line 20 thereof, down to line 33 of said replication, including line 33, on the ground it constitutes a departure in pleading and is an attempt to amend his petition in a material matter.

"2. Because the replication admits that his petition seeks to set aside a title acquired by defendants under a tax deed and then by the allegations in the replication, admits that his petition states no cause of action, and, therefore, this suit ought to be dismissed."

Defendant's motion to strike out was sustained; but the court refused to dismiss the suit, and defendant saved no exception to this action of the court.

At the trial there was no claim or proof of possession in plaintiff; there was no claim or proof of possession by defendants, or any of them; there was no proof of the character of defendants' claims. Plaintiff contented himself by undertaking to prove a dry, naked, legal title in himself and by resting on such title. To this end, he introduced evidence as follows:

(1) A warranty deed from Henry T. Mayer to Matthew A. Trevor, dated February 9, 1860, and recorded September 5, 1870.

(2)  A warranty deed from Matthew R. Trevor and wife to Albert G. Trevor, dated August 30, 1870, and recorded September 5, 1870.

(3)  A defective and irregular warranty deed from Albert G. Trevor and wife to Mrs. L. C. Bascom, dated February 9, 1883, and recorded February 24, 1883.

(4)  A quitclaim deed, duly executed, from Albert G. Trevor (a widower) to Mrs. Lucretia A. Bascom, dated October 15, 1891, and recorded November 21, 1891.

(5)  A warranty deed from Lucretia C. Bascom, a widow, to plaintiff, dated October 15, 1891, and recorded November 21, 1891.

It will be seen there is no common source of title in the case; the title relied on starts with Henry T. Mayer. The theory of plaintiff seems to be that Mayer's title emanated from the Government of the United States. To sustain such theory, plaintiff placed upon the stand Mr. Farrar and showed by him that he was county clerk of Madison county; that he had possession of certain county records, among others, a county plat book. The witness said this book "happened to be in my office. I cannot say that it should be in my office." Witness produced the book, and (turning to sec. 36, twp. 33, r. 7) in response to a question of who was the patentee of the land in question, he said: "Henry T. Mayer—I think that is the name; it might be 'O;' I cannot say positively." The plat book was then offered and admitted in evidence. Upon the offer of this book, certain objections, rulings and admissions were made, certain exceptions were saved and certain colloquies occurred, viz:

"Mr. Whybark: We object to the introduction of that plat, for the reason, first, that it is not verified; secondly, for the reason that it is not a record imparting notices of land titles; not a proper record in the

county clerk's office, and it is just simply not a book where all records are required to be entered whether they be under the homestead law or otherwise.

"By the Court: Do you think that is evidence in that shape, Mr. Anthony?

"Mr. Anthony: I offer it for what it is worth.

"By the Court: Let it go in for the present.

"To which action and ruling of the court in so admitting said plat defendants excepted at the time.

"It is admitted that the plat book offered in testimony does not show that it now is certified by the register or receiver of the land office at Ironton, Missouri, or any other officer authorized to do so."

The plat book showed section 36 marked as follows:

The foregoing is plaintiff's case.

When plaintiff rested, defendants interposed a demurrer, which was overruled and an exception was saved. Whereat they elected to stand on the record and declined to introduce any evidence. Whereat the court rendered judgment for plaintiff, to the effect that plaintiff was the owner in fee simple of the land in dispute and that defendants (naming them), nor either of them, had any title whatever in and to said real estate (describing it).

Plaintiff submits no brief or counter-abstract. Defendants submit a brief, assigning certain errors. We will consider such of them as are necessary.

I. The first insistence of defendants is that plaintiff made no case entitling him to any relief. This suit is under Revised Statutes 1899, section 650, which enti-

tles "any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not," to "institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property."

In this case plaintiff restricted his claim (by his petition) to a *"fee simple"* title. He tenders that sole issue, and pleads no equitable estate or interest, no contingent estate, none in reversion or remainder. Section 650, *supra*, is highly remedial and must be (as it has been) most liberally construed (Graton v. Land & Lumber Co., 189 Mo. l. c. 332); but it ought not to be so construed as to overturn fundamental rules of pleading and practice. Plaintiff contented himself with pleading a fee simple title, his proof was directed to a naked legal title and he failed in his proof. That is the whole story, as we read it in the record.

Defendants' abstract shows Mayer undertook to convey the real estate to Matthew A. Trevor. There is no conveyance from such grantee, but there is one from Matthew R. Trevor. There was an irregular conveyance from Albert G. Trevor to Mrs. L. C. Bascom; and an attempt to fortify that conveyance by a quitclaim deed from the same grantor, but it ran to Lucretia A. Bascom. Now, whatever title plaintiff had, he got through Lucretia C. Bascom. All these irregularities may be misprints in the record. If so, plaintiff has not deemed them worthy of correction; and, as defendants do not press them here, we mention them only to pass them by.

Nor need we consider whether such irregular deeds create color of title, which, accompanied by possession, might ripen into a good title. No such contention or issue is in the case.

One trouble with plaintiff's alleged fee simple title is that he does not show he had any. His chain of title starts with Mayer—that is, *nowhere;* for if Mayer had title, it is not in proof. The uncertified platbook, allowed tentatively in evidence by the trial court, offered by plaintiff for *"what it is worth,"* was worth nothing for the serious purposes of jurisprudence. In 1872 the Legislature passed a revenue act (Laws 1871-2, p. 80), section 40 of which made it the duty of the several county courts to procure from the United States land offices certain plats, showing sections and parts of sections by legal subdivisions, and showing all land subject to taxation, *etc.* That section has been brought forward as live law and is now section 9159, Revised Statutes 1899. This court construed that statute to mean that the county clerk was the custodian of these plats. [Payne v. Lott, 90 Mo. 1. c. 681; Allen v. Ray, 96 Mo. 1. c. 547; Nolan v. Taylor, 131 Mo. 224.]

Such platbooks are admissible in evidence under Revised Statutes 1899, section 3094, when certified as required by that section. We need not consider the principles of the law of evidence applicable to ancient documents, because this case does not require such consideration. Suffice it to say, the platbook was not certified, and, for aught appearing here, never had been certified according to law, and, therefore, it should have been excluded. With the exclusion of that evidence, plaintiff's title as now produced (conceding for present purposes that the deeds introduced by him were from proper parties) was struck to the ground.

We take occasion to repeat that there is no common source of title agreed to or disclosed by the proof. Hence, the rule applied in Harrison Machine Works v.

Bowers, 200 Mo. 219, and in Graton v. Land Co., *supra*, and in Gage v. Cantwell, 191 Mo. 698, is not applicable to the case at bar. The rule announced in those cases was to the effect that the doctrine of a common source of title applied in cases brought under section 650, *supra*, as well as in ejectment suits—that is, that where there is a common source of title, incidents of title arising prior to the common source are immaterial.

II. In 1903 the Legislature enacted a sweeping statute, labeled, "Relating to Setting Aside of Tax-Deeds." [Laws 1903, p. 254.] That statute is as follows:

"Section 1. That no suit, or action, in any of the courts of this State, either at law or in equity, shall hereafter be maintained by any person or corporation, against any other person or corporation, for the determination of the title to, or for the recovery of the possession of, any lands, which shall have been sold for taxes, or any interest in any such lands, or for the setting aside, or cancellation of any tax deed or sale of land for taxes, alleged to have been void, voidable or defective, unless such person or corporation so seeking to recover such lands, or some interest therein, or the setting aside of such tax-deed or tax-sale, shall, in his petition, offer to refund to the defendant therein, or to such other person, or corporation, from whom, and against whom such recovery is sought, in such action, all taxes paid by such defendant, or other persons, and his grantors, remote or immediate, or by those under whom he claims, together with interest thereon from the date of payment of such taxes to the date of the judgment in such action. No actual tender shall be required to be made by such plaintiff, or other person seeking such recovery or cancellation of such deed, but it shall be deemed sufficient if an offer to pay the same, as soon as the amount thereof shall be ascertained, shall be made and set out in such petition. All courts

before which any such action may be brought, or maintained shall, if the judgment in such action be adverse to the defendant, or defendants therein, and the recovery of such land, or any interest therein be adjudged or decreed, find and adjudge by its decree or judgment the amount of money due to the defendant, or to other persons, on account of taxes or interest thereon paid as aforesaid, by defendant, or his grantors as aforesaid, and all such courts may, if such relief be prayed for in the answer, or the other pleading of the defendant, or other person, entitled to reimbursement, adjudge and decree that the amount so found by the court, or a jury, shall be and constitute a lien upon the land recovered, or in controversy.

"Sec. 2. Any person or corporation may, in addition to any other defense which he may have to any such action mentioned in the preceding section, set up in his answer, or other pleading, a claim for taxes and interest thereon, paid by him or his said grantors, or other person under whom he may claim said land, and may pray that the amount of such taxes and interest, if the judgment or decree of the court be adverse to him, shall, when ascertained by the court or a jury, be decreed to be a lien on the land, or the interest therein, which may be thereon, shall in nowise affect the merits of any other defense, which may be pleaded, but shall be allowed as a matter of course, arising out of the litigation."

Several contentions are made by defendants pertaining to the foregoing act. For instance, it is contended that said act applies to suits to determine interests in land and quiet land titles under section 650, Revised Statutes 1899, *supra*. That they are *in pari materia*, and hence, must be construed together. That said act of 1903 is necessarily retrospective in its application. [See, in this connection, Petring v. Current River Land and Cattle Co., 111 Mo. App. 373, holding to

the contrary.] That the taxes to be repaid under the provisions of that act are unaffected by the Statute of Limitations. That this suit was commenced after the act went into effect, and, therefore, said act must control this case. [See, in this connection, Burkham v. Manewal, 195 Mo. l.c. 509.] And that, finally, under the act of 1903 the Code of Civil Procedure is somewhat affected in that by such act the duty is cast upon a plaintiff who brings a suit under section 650, *supra,* to affirmatively and specifically plead the antagonistic claims, if any, of the defendant, under a tax sale and deed followed by tax payments. Defendants' learned counsel favor us with their view on these contentions, and we are asked to construe said act of 1903 in the foregoing particulars. Plaintiff stands mute here, and we know nothing of his contentions except we may infer by indirection that, at least below, he controverted some of them, and that the trial court leaned his way—although the court struck out plaintiff's tender of taxes paid, and did so at the request of defendants.

We deem it judicial wisdom to decline to consider all the foregoing questions. Our notion is that such questions are not concrete questions in this case. And this is so because the pleadings do not raise such issues. The petition says nothing about a tax proceeding, or that defendants claim under a tax deed. The answer may be said to refer to those matters only by indirection. They are lugged into the answer in an argumentative way—more by way of demurrer to plaintiff's petition than as allegations of substantive matter. The replication denies the existence of the act of 1903, or at least intimates that defendant has not pleaded the act correctly. In fact, both parties litigant have been a little coy and shy in taking the initiative in pleading—both of them seem to eye that law with apparent uneasiness—the plaintiff, doubtless, thinking it was a matter of defense, and the defendants, doubtless,

wishing to fight in the open and not to be "cribbed, cabined or confined" too closely in the matter of defense. It seems to us the questions raised are of too much gravity to be decided in a case where they are not directly and necessarily involved—especially so where such case is only briefed on one side.

The cause is, therefore, reversed and remanded for the error pointed out in paragraph one, with leave to both sides to amend their pleadings, if they see fit, or retry the case on the pleadings as they now stand—plaintiff, on another trial, avoiding the error heretofore pointed out, and producing competent proof, if any exists, that his title emanated from the general Government. We think, too, that in the present condition of the case both parties litigant should take the usual chances of rightly construing for themselves (in the first instance) the act of 1903, in connection with section 650, *supra,* and in connection with the Code of Civil Procedure, and that we should reserve to ourselves the right to consider such questions open.

Since writing the foregoing opinion there has been a case decided in this division, Haarstick v. Gabriel, 200 Mo. 237, and a case decided by Division Two of this court, Manwaring v. Mo. Lumber & Mining Co., 200 Mo. 718, in which we have held that the act of 1903 is not in its operation retrospective; and learned counsel and the court, *nisi,* will have the benefit of these pronouncements to guide them in the trial of this cause anew.

All concur.