# W. D. JAMISON, Appellant, v. F. F. HARVEY et al., Respondents.

**St. Louis Court of Appeals, February 21, 1910.**

1. **JUDGMENTS: Form of: Law Directs Mode of Enforcement.** The law directs the force and mode of enforcement of a judgment and it is not material that the judgment itself should set out these matters.

2. **TAXES: Judgment for Taxes: In Rem.** Sess. Laws 1872, p. 129, section 220, provided that if the holder of a tax deed be defeated in an action against him to recover the land sold, the successful claimant shall be adjudged to pay such party, claiming under the tax deed, the full amount of all taxes paid by the purchaser, together with the amount of redemption money, "which judgment shall be a lien upon the real estate in controversy, and may be enforced by execution as in other cases of judgments and decrees." *Held*, that a judgment for taxes under said section in favor of the defeated purchaser was a judgment *in rem* and not *in personam*.

3. ———: ———: ———: **Mode of Enforcement.** A judgment *in rem* in favor of the purchaser of a tax title, for taxes, interest and penalty on vacation of the sale, cannot be enforced by action thereon, but only by special execution against the *res* so long as the judgment is alive.

Appeal from Lincoln Circuit Court.—*Hon. Jas. D. Barnett*, Judge.

AFFIRMED.

*Chas. Martin* for appellant.

(1) The defendants having availed themselves of the judgment as an adjudication and pleaded it as in full force and effect are estopped now from interposing any defense to its force and effect. A party is bound

by statements made in his own pleading. Knoop v. Kelsey, 102 Mo. 291; Lilly v. Menke, 143 Mo. 137; Cousin v. Bowling, 100 Mo. App. 459. (2) The judgment sued on is personal as well as a charge against the land. The statute of 1872 under which it was given, directs the character and extent of the judgment to be that the successful claimant shall be adjudged to pay to the tax title claimant the amount of all taxes, etc., and that such amount shall be a lien upon the land and enforced as other judgments and decrees of the court. This statute makes the contract between the parties and becomes a part of the judgment and the judgment must be constructed by it. St. Charles v. Hackman, 133 Mo. 442; Equitable Society v. Clement, 140 U. S. 526. It is not necessary for the judgment to recite a finding against the defendants and an order for them to pay; the judgment shows the amount due Jamison and the statute says by whom it shall be paid and how it may be collected. The manner in which a judgment shall be executed is prescribed by the statute and any erroneous direction or omission to direct does not affect the manner of the execution of the judgment. Houck v. Cross, 67 Mo. 251; Pickering v. Templeton, 2 Mo. App. 424; State ex rel. v. Vogel, 14 Mo. App. 187. A judgment is merely a record contract and its meaning and effect must be determined by the law under which it was rendered. Smith v. Moore, 53 Mo. App. 525; Farley v. Common, 43 Mo. App. 168; Cook v. Full, 111 Mo. 285; Cathron v. Lafayette Co., 125 Mo. 67; Evans v. Fisher, 26 Mo. App. 541; Conley v. McKeag, 57 Mo. App. 415; State ex rel. v. Bibb, 77 Mo. App. 277.

*Norton, Avery & Young* for respondents.

The judgment sued on is a judgment *in rem.* Allen v. McCabe, 46 Mo. 144. A judgment *in rem* cannot be made the foundation of another action. L. A. R., vol. 16, p. 236; 4 Waites Actions and Defenses, p. 188; East-

man v. Wadleigh, 20 Am. Rep. 696. The legal owners
of the land were not personally liable for the taxes, and
were not made personally liable by the judgment. When
the purchaser at the tax sale was subrogated to the lien
of the State, as was done in the suit of Harvey et al. v.
Jamison, reimbursement could only be had by enforcing
his lien. 27 Am. and Eng. Ency. Law, p. 991; 10 Kan.
App. 635; 61 Neb. 635; Sipperd v. Edwards, 39 Ind.
165. The tax lien as such was merged in the judgment
and ceased in the rendition of the judgment. 2 Black
on Judgments, sec. 674.

STATEMENT.—On the 26th of September, 1892, Ma-
linda Dameron, Floyd F. Harvey, Thomas Harvey, Mary
M. Dameron, Sarah F. Dameron, Theresa E. Dameron,
George S. Meyers and one James William Dameron,
in an action in ejectment, brought by them against the
present plaintiff and appellant here, William D. Jami-
son, recovered judgment for possession of certain real
estate, but this present plaintiff, defendant in that ac-
tion, having set up in his defense to the action, that he
had become the purchaser of the land at a sale by the
collector, had October 15, 1874, under special execution
for delinquent taxes for the years 1872 and 1873, and
that by reason of said purchase he had paid out an
amount for taxes, including interest, costs, penalties
and subsequent taxes up to and including the year 1890,
equal to $305.82, the court, in addition to finding that
all of the plaintiffs in that suit, except Malinda Dam-
eron, were entitled to the possession of the land sued
for, and ordering a writ of restitution in their favor
therefor, further ordered, adjudged and decreed on the
finding aforesaid, that the sum of $305.83, "be, and
the same is hereby declared a charge and lien upon
(describing the land) in favor of said defendant W. D.
Jamison and against these plaintiffs, and that a special
*fieri facias* may issue to enforce said lien." That sum
not having been paid, Jamison, the present plaintiff, on

the 18th of February, 1904, instituted the present action against Malinda Dameron, Floyd F. Dameron, Thomas Harvey, Mary M. Dameron, Sarah F. Dameron, Theresa E. Dameron and George S. Meyers, all of whom had been plaintiffs in the first mentioned suit, and also against Clem Lindsay, Sr., Clem Lindsay, Jr., Linnie Lindsay and Minnie L. Morris. It is averred in the petition on which the case was tried, that George Meyers, one of the plaintiffs in the original suit, had conveyed his interest in the land to Margaret E. Lindsay, who took, as it is averred, with full knowledge and notice of the judgment; that she afterwards died intestate, leaving as her only heirs the defendant Clem Lindsay, Sr., Clem Lindsay, Jr., Linnie Lindsay and Minnie L. Morris, whom, it is averred, took and now hold the interest of said Margaret E. Lindsay in said land by inheritance and not as purchasers for value, and it is averred that James William Dameron, who was a party plaintiff in the original suit, died intestate, leaving the defendants Malinda, Mary M., Sarah F., and Theresa E. Dameron, as his heirs, whom, it is averred, hold the interest of said James William Dameron in the land by inheritance, and not as purchasers for value, and are hence chargeable with notice of the judgment. Plaintiff states that no part of the judgment in his favor has been paid and that the whole thereof is due and unpaid and that by virtue of "the revenue law of 1872, section 221, page 1207, vol. 2, Wagner's Statutes of Missouri, under which said judgment was rendered in favor of this plaintiff, the amount of such judgments bears 10 per cent interest per annum from date of judgment and until paid and is made a lien upon said land." He therefore demands judgment for the $305.82, with ten per cent interest from September 29, 1892, and that the judgment when rendered be declared a charge and lien on the land and for such other orders and relief as may be just and proper in the premises and for costs of suit.

The answer set up the judgment before noted; denied that it was a personal judgment; averred that more than ten years having elapsed since the rendition of the judgment, that it was not kept alive; that no execution or other process ever issued to keep it alive, and that the lien of the judgment had become extinguished by the lapse of time and is dormant and void under the provisions of what is now section 6786, Revised Statutes 1899. It is further averred in the answer that immediately after the rendition of the judgment, the defendants here had offered to pay to Jamison the amount of the lien; that Jamison had refused to accept payment thereof, claiming title to the land, and that he afterwards instituted various suits in ejectment against these defendants or their tenants for the recovery of the land on which the lien had been fixed by the circuit court, and they plead that by electing to sue in ejectment for the recovery of the land and claiming title thereto, plaintiff has waived his right to the lien and the enforcement thereof and is estopped by his conduct from claiming anything by virtue of the lien.

The case was afterwards dismissed as to George S. Meyers and coming on to be heard and being submitted to the court on the records of the several suits aforesaid, as well as on some oral testimony tending to prove that these defendants, through their attorney, had offered to pay off the judgment but that plantiff here had refused to receive it, he claiming to own and be entitled to possession of the land, the court, a jury having been waived, found in favor of defendants and entered judgment accordingly. No declarations of law were asked or given. Plaintiff in due time filed a motion for new trial, which was overruled, and praying an appeal, having saved exceptions to the several adverse rulings of the court, has brought the case here in due form.

REYNOLDS, P. J. (after stating the facts).—
Section 219, pp. 1206-1207, Wagner's Statutes, which is

section 220, p. 129, Sessions Acts, 1872, and which is the section referred to as section 221, provided, in substance, that if the holder of a tax deed be defeated in an action against him for the recovery of the land sold, the successful claimant shall be adjudged to pay such party claiming under the tax deed, the full amount of all taxes paid by the purchaser on such land at the time of the purchase and all subsequent taxes paid by him, together with the amount of the redemption money provided for by law and interest for the whole amount of such taxes from the time of the payment thereof, at the rate of ten per cent per annum, "which judgment shall be a lien upon the real estate in controversy and may be enforced by execution as in other cases of judgments and decrees of said court." It is contended by the learned counsel for the appellant in this case, that the judgment referred to and sued on is a personal judgment as well as a charge against the land and what is really sought in this action seems to be to recover a personal judgment against these defendants for the amount of that judgment then rendered and for the accrued interest thereon from the date of its rendition, although that theory is hardly compatible with the demand for judgment set out in the amended petition upon which the case was tried, which demands, as will be noted, judgment for the amount, "and that such judgment, when rendered, will be declared a charge and lien on said land." But the case has been tried in the circuit court by each side and presented to us upon that theory. That is to say, it was tried and is before us on the theory that it is a suit on an unpaid personal judgment, to recover the debt evidenced by the judgment.

It is argued by counsel for appellant, that although the judgment rendered is not in form a personal judgment, yet the statute of 1872, under which it was given, controls and directs the character and the extent of the judgment, and that this statute determines the contract between the parties to the judgment and becomes

a part of it; that the manner in which it shall be executed is prescribed by the statute and any erroneous direction or attempt to direct its force or effect does not affect the force or manner of the execution of the judgment; that the judgment must be given the force and meaning and effect which the law gives it, when construed in connection with the law under which it was rendered. We agree with this contention of counsel, in so far as he argues that the law directs the force and mode of enforcement of a judgment and that it is not material that the judgment should, in itself, set out either its force or the mode of enforcement. [Houcks v. Cross, 67 Mo. 151; Crook v. Tull,.111 Mo. 283, 20 S. W. 8.] But we do not agree with the conclusion which he draws, that this section of the statutes of 1872 contemplates a personal judgment.

This litigation has been going on between these same parties over this same land and their respective titles to it, for a number of years and has been before the court several times. Under the title of Dameron v. Jamison, it will be found reported in 143 Mo. 483, 45 S. W. 258. There Judge WILLIAMS, in referring to this part of the judgment awarding this plaintiff the amount paid out by him by way of taxes, etc., on the land says, at page 492: "The court, as authorized by the statute, gave him a lien upon the land for the taxes paid." Under the title of Jamison v. Martin, 184 Mo. 422, 83 S. W. 750, another phase of this controversy was presented before the Supreme Court, and Judge MARSHALL, who delivered the opinion of the court, having before him this part of the judgment now relied upon, says, at page 430: "The judgment in the former case here pleaded was not upon condition. It did not provide that the plaintiffs therein should have restitution of the premises upon condition of a prepayment by them in a specified time of the taxes the defendant had paid. On the contrary, that judgment awarded the possession to the plaintiffs, and charged the land with a lien

for the taxes the defendant had paid. Each, therefore, was entitled to an immediate execution for the enforcement of the portion of the judgment which was in his favor and neither was obliged to wait until the other first acted. All that remained for the defendant to do under the judgment was to ask for the issuance of the special execution, ordered by the judgment, and thereby to collect the judgment. This could have been done by the defendant at any time during the life of the judgment. It is his own fault if he did not do so." We can come to no other conclusion, with these two cases before us, and in the light of the construction that has always been placed upon our revenue law, than that this judgment originally entered in favor of the plaintiff here, defendant in that suit, was not a personal judgment against these defendants, but was a judgment *in rem.* We so understand the section of the statute before referred to. So construed it is in harmony with the spirit which has always prevailed in our revenue laws, that is to say, that judgment for taxes, in tax suits, while in form judgments against the defendants in the suit, for the amount of taxes, interest, penalties and costs, are judgments *in rem* and not *in personam.* [Neenan v. City of St. Joseph, 126 Mo. 89, 28 S. W. 963; State ex rel. Hayes v. Snyder, 139 Mo. 549, 41 S. W. 216.] Nor is there any difference in the effect and force of these judgments, whether the defendants are personally served and appear, or where the defendants are brought in by publication of notice only and do not appear. In either case, the judgment goes, so far as concerns its enforcibility, against the land alone. Herein they differ from those cases wherein it is said that while the proceeding and judgment are *in rem,* and cannot be enforced against the person, or outside of the jurisdiction of the court in which they were rendered, unless the defendant has appeared and submitted himself to the jurisdiction of the court, yet if he has appeared, that while the proceeding may have been originally *in*

*rem,* yet if there be a judgment for the debt and against
the *res,* and also over for the debt, if on sale of the *res*
the judgment for the debt is not satisfied, the defendant
can be held for the difference; in such case the judg-
ment is both *in rem* and *ad personam.* But as we under-
stand the whole theory of our revenue laws, the lien
which the State has for the taxes is against the land,
and the judgment is a lien against the land and not
against the owner, and cannot be made on general execu-
tion against the owner but only on special *fieri facias*
which the state has for the taxes is against the land,
this section of the statute to do is to transfer to the
purchaser at the tax sale the lien of the state for the
taxes, and the purchaser at the tax sale can recover
only what the state could, namely, a lien against the
land. [Carman v. Harris, 61 Neb. 635.] That is what
we understand is held by our court in Rowe v. Current
River Land & Cattle Co., 99 Mo. App. 158, 73 S. W. 362,
where this same section 219 of the Act of 1872 is con-
sidered. As noted in this last case, this section 219 of
the Act of 1872 was dropped out of the amended gen-
eral revenue law adopted in 1877, the latter with vari-
ous amendments being our present law. What is now
section 9304, Revised Statutes 1899, appeared subse-
quently in its present form in the Act of 1877. Very
clearly it makes the judgment a lien on the land alone.
While we have no longer in our statutes what was
formerly this section 219, we have provisions some-
what along the same line in the Act of March 6, 1903,
Laws 1903, p. 254 (sections 9319-1 and 9319-2, Ann.
Stat. Mo., 1906), which, in substance, provide that when
a decision adverse to the defendant claiming under a
tax sale is rendered, that the court shall adjudge by its
decree the amount of money due the defendant on ac-
count of the taxes and interest thereon paid out under
his tax purchase or tax title, and the amount so found
"shall be and constitute a lien upon the lands recovered
or in controversy." This is in line and in harmony

with the spirit of the revenue law that taxes are liens against the land and not a personal debt of the land owner. These two sections of the Act of 1903 have been before our Supreme Court in Burkham v. Manewal, 195 Mo. 500, 94 S. W. 520; Haarstick v. Gabriel, 200 Mo. 237, 98 S. W. 760; Stewart v. Lead Belt Land Co., 200 Mo. 281, 98 S. W. 767; Manwaring v. Missouri Lumber & Mining Co., 200 Mo. 718, 98 S. W. 762; and before this court in Petring v. Current River Land & Cattle Co., 111 Mo. App. 373, 85 S. W. 933, and while the point here involved was not in decision, there is no intimation that the act goes any further than to subrogate the purchaser to the lien of the State. The plaintiff himself in this case practically concedes the point when he attempts to extend his right to a judgment beyond the plaintiffs against whom it was rendered in the first suit and to bring within its force and effect others who were not partes to that case but who have since acquired an interest in the land, and dismissed as to Davis who had parted with his interest. Above all, this very judgment does not purport to be a personal one, but is one against the land itself. We know of no case, have been referred to no authority, that authorizes a suit on a judgment *in rem*. The sole remedy for the enforcement of such a judgment, if it is still alive, is by special execution against the *res*. Without going further into the questions raised by counsel for the respondent as to estoppel, and treating this case on the theory upon which it was tried by the lower court, that is to say, as an action on a judgment we hold to be *in rem* alone to recover a personal judgment against these defendants, we think the conclusion arrived at by the trial court is correct and that its judgment should be affirmed. It is so ordered. All concur.