————o————

THE STATE OF MISSOURI, *ex rel.* CITY OF MOBERLY, Relator, *vs.* A. J. FERGUSON, Treasurer of Randolph County, Respondent.

1. *Railroad machine shops, assessments on—Construction of act of March 27th, 1875.*—The act of March 27th, 1875, in relation to payment of assessments on branch railroads and machine shops (Sess. Acts 1875, p. 128) does not govern cases of money collected on assessments made prior to the passage of the act; (as, where assessment was made prior thereto on machine shops in the town of Moberly).

2. *Legislative acts should have prospective operation.*—A prospective operation should always be given to legislative enactments, unless a different intent is clearly shown.

*Petition for Mandamus.*

*Priest*, for Relator.

*Hockaday, Att'y Gen'l, with J. R. Christian,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The relator asks this court to issue a writ of mandamus against the defendant, who is treasurer of Randolph county, to compel him to pay over a certain sum of money in his hands, which he claims belongs to the State revenue.

From the record it appears, that in 1872 the city of Moberly issued its bonds to the amount of sixty-two thousand dollars, to aid and assist the St. Louis, Kansas City and Northern Railway in the erection and building of their machine shops in said city, and the money now in the hands of the county treasurer arose from assessments made on the machine shops for State taxes, prior to the act of March 27th, 1875.

The only question is, whether that act is to be construed as having an exclusively prospective operation, or whether it was intended to apply retrospectively. The act (Sess. Acts 1875, p. 128) is amendatory of section 55 of the railroad corporation law, and provides, that, "in all cases hereafter, when a railroad or branch railroad or machine shop in this State, shall be built in whole or in part by subscriptions to its capital stock by counties, cities or townships, the proceeds of all State or county taxes levied upon such railroad company, or branch railroad, or machine shops, or the property thereof, shall be paid into the treasury of the counties where collected, and the county treasurers shall apportion the same according to their several subscriptions, to such counties, cities or townships so subscribing stock, until the whole amount of said subscription is refunded to them." There is a proviso extending the terms of the act to all machine shops built in connection with railroads.

The well-known rule of construction is, to always give legislative enactments a prospective operation unless a different intent is clearly shown. But there is no room for resorting to or invoking any principle of construction in this case. The

act is perfectly plain, and is susceptible of but one meaning. It applies to all cases after its passage; but does not in any way pretend to interfere with or change any rights that had accrued previous to its taking effect.

The writ must be denied. All the other judges concur, except Judge Vories, who is absent.