HENRY C. HAARSTICK v. GABRIEL et al., Appellants.

Division One, December 22, 1906.

1. **QUIETING TITLE: No Taxes Paid: Wild Land: Laches.** Laches should not be applied to the owner of land who has paid no taxes for thirty consecutive years, if it has never been in the possession of any one, and all the title defendant has he derived from a void sale for taxes and a payment of taxes thereafter for more than twenty years.

2. ———: ———: ———: **Limitations: Thirty Years Payment of Taxes.** The thirty-year Statute of Limitation (sec 4268, R. S. 1899) does not apply where the land has never been in the

actual possession of any one, although the title owner has paid no taxes thereon for thirty consecutive years.

3. ———: **Limitations.** Suits to quiet title are barred by limitation in ten years, not five.

4. ———: **Refunding Taxes: Act of 1903.** Prior to the passage of the act of March 6, 1903, one who paid money to the sheriff or collector in a vain effort to acquire title, was a mere volunteer, and if the judgment and sale under which prior to that time he acquired a tax deed were void, the owner of the title in bringing his suit against such volunteer to quiet the title, is not required to refund the money paid at the sheriff's sale or subsequently paid by way of taxes to the collector. That statute has no retrospective operation.

5. ———: ———: ———: **Retrospective Law: Remedial.** A statute which undertakes to impose a legal liability for a past transaction, which was not imposed by an existing law when the transaction occurred, is violative of the constitutional inhibition against the enactment of a law retrospective in its operation. The act of March 6, 1903 (Laws 1903, p. 254), was not intended to apply to taxes paid before it went into effect, and therefore it is not retrospective or unconstitutional; but to hold it to impose a new legal obligation upon the owner of land once sold for taxes to refund the taxes subsequently paid by the purchaser, when said owner brings suit to get rid of the tax title, would be to make it not simply remedial, but to give it a retrospective operation, and therefore, in that case, it would be unconstitutional.

Appeal from Madison Circuit Court.—*Hon. Robert A. Anthony*, Judge.

AFFIRMED.

*M. R. Smith, Moses Whybark, D. M. Tesreau* and *B. B. Cahoon, Sr.*, for appellants.

(1) Respondent's action should have been dismissed because it was begun and prosecuted in violation of the act of March 6, 1903, Laws 1903, pp. 254-5, and of section 6, Revised Statutes 1899. That act is clearly retrospective in its operation, but required respondent as a condition precedent to bringing this action to set out and tender all past taxes paid by appellants and their immediate or remote executors. That act and section 650, Revised Statutes 1899, on which this action

is brought, must be construed together.  They also required respondent, as the tax titles he was seeking to annul were of record, to set them out in his petition and clearly indicate wherein they were void.  White v. Shell, 84 Mo. 569; Pitakin v. Reibel, 104 Mo. 510; Pitkin v. Shacklet, 106 Mo. 571; Allen v. Buckley, 94 Mo. 158; Gregg v. Jasberry, 113 Mo. 34; Taft v. McCullogh, 135 Mo. 594; Burgham v. Burmingham, 103 Mo. 345; note 28, 36, book 1 Lewis's Ed. of Blackstone Commentaries; Myer's Vested Rights (1891), pp.13-127; Town of Goshen v. Town of Stonington, 4 Conn. 209; Foster v. Bank, 16 Mass. 354; Calder v. Bull, 3 Dallas U. S. Sup. Ct. 386; Charles River Bridge v. Warren Bridge, 11 Peters 420; Phillips v. Ere, 6 L. R. Q. B. (1870), 25; Simpson v. Stoddard Co., 173 Mo. 421.  (2)  The record in the tax suit against Chas. Hockaday et al. is sufficient in itself to defeat respondent's present action.  (3) Respondent's action is barred.  (4)  The act of March 6, 1903, should be applied to this case pending and on this appeal.  (5)  The laches of respondent as shown in the record apply to this case, and preclude his recovery in this action.

*John C. Brown* and *J. H. Chitwood* for respondent.

(1)  Respondent's petition states a cause of action. Petitions to quiet title in essentially the same form have been approved by this court.  Huff v. Laclede Land & Imp. Co., 157 Mo. 65; Ball v. Woolfolk, 175 Mo. 278; Spore v. Land Co., 186 Mo. 656.  (2)  Appellants are not entitled to a lien for taxes paid or extinguished by them or those through whom they claim.  Burkham v. Manewal, 94 S. W. 520; Carter v. Phillips, 49 Mo. App. 319; Rowe v. Current River L. & C. Co., 99 Mo. App. 158; Petering v. Current River L. & C. Co., 111 Mo. App. 373; Constitution, art. 2, sec. 15; Leete v. Bank, 115 Mo. 184; Minter v. Bradstreet Co., 174 Mo. 144; Gladney v. Sydnor, 172 Mo. 318; Phillips v. Butler, 187 Mo. 699; Croskey v. Bush, 116 Mich. 288; Cooley

on Taxation (2 Ed.), 467, 468, 531; State v. Casteel, 110 Ind. 174; Harper v. Rowe, 53 Cal. 233; McCormack v. Edwards, 69 Tex. 106; Burke v. Brown, 148 Mo. 309; Blackwell on Tax Titles, secs. 410, 411. (3) No Statute of Limitations bars respondent's claim because the land in controversy was unoccupied and appellants' title was void. Peak v. Laughlin, 49 Mo. 162; Mason v. Black, 87 Mo. 329; Graves v. Ewart, 99 Mo. 13; Bales v. Perry, 51 Mo. 453; Throckmorton v. Pence, 121 Mo. 50; Mylar v. Hughes, 60 Mo. 105; Mason v. Crowder, 85 Mo. 526; Dameron v. Jamison, 143 Mo. 483; Cameron v. Lewis, 59 Miss. 134; Dunbar v. Green, 25 S. C. (U. S.) 621. (4) Respondent is not barred from prosecuting this suit through any laches or estoppel. Such pleas can be interposed in favor of voidable titles and by persons who take possession and make valuable improvements in good faith under void titles, but will not aid the void title of appellants who never had possession. The judgment is for the right party and should be affirmed. Bales v. Perry, 51 Mo. 449; Throckmorton v. Pence, 121 Mo. 50; Dameron v. Jamison, 143 Mo. 483; Shields v. McClure, 75 Mo. App. 631; Harrison v. McReynolds, 183 Mo. 548.

VALLIANT, J.—Suit under section 650, Revised Statutes 1899, to quiet title to eighty acres of land in Madison county. The petition is in the usual form; states that plaintiff is the owner in fee of the land described and that defendants claim some title to it, the nature of which plaintiff does not know. The prayer is that the court ascertain and adjudge the title as between plaintiff and defendants.

The answer denies that plaintiff owns any interest in the land and asserts full title in defendants. It then goes on to state that plaintiff acquired title to the land in 1879, that he then and has ever since resided in St. Louis and although amply able to pay taxes on the land

neglected and refused so to do and in, consequence it was sold for taxes in 1882, and the sheriff's deed was then duly recorded and defendants hold title derived from that sale; that from that day to this plaintiff has never paid any taxes, but the defendants and those under whom they claim have paid all taxes as they accrued, to the amount, with what was paid at the sheriff's sale, to about $500, that plaintiff by his conduct has abandoned the land and has been guilty of such laches as ought to preclude his recovery in this suit. Then for a third defense the answer refers to the Act of March 6, 1903, which requires a party when suing to set aside a tax deed to tender in his petition or offer to pay the amount of taxes and penalties his adversary has paid in acquiring the tax title and the taxes he has since paid, and prays that if the court should adjudge the title to be in plaintiff that it require the plaintiff to reimburse defendants for their expenditures in payment of taxes, etc., and charge the amount of same as a lien on the land.

At the trial plaintiff introduced a patent and deeds bringing the title from the Government down to himself showing a perfect paper title, vesting in him in 1869.

Defendant introduced evidence as follows:

The record of the circuit court of Madison county in a suit wherein the county collector was plaintiff and H. C. Haarstick was defendant and in which it was adjudged that the State had a lien on this land for taxes delinquent for several years, amounting to $46.33, and that the land be sold to satisfy the judgment. It was alleged in the petition that the owner, H. C. Haarstick, was a non-resident of the State; thereupon an order of publication was made against H. C. Haarstick and it was so published. The records of the county showed at that time that the title stood in the name of Henry C. Haarstick. The judgment in the tax suit was by default. The sheriff sold the land under that judgment

and executed a deed to the purchaser which was recorded December 21, 1882. The defendants' title is based on that deed.

Subsequently there was another suit by the collector for the taxes of 1896 and 1897 in which suit one L. M. Lord and one Charles Hockaday and "all unknown claimants and owners" were made parties defendant, and publication against the defendants so named; a judgment by default was rendered in that suit, execution and sale followed and sheriff's deed executed and duly recorded. Defendants own whatever title passed under that sale.

There was testimony of defendants tending to show that they had paid all the taxes on the land from 1870 to date including the taxes and penalties covered by those two judgments and sheriffs' sales, which aggregated about $500. Respondent says that the abstract is imperfect on that point, because it fails to produce the evidence which defendants offered to prove payment of the taxes for some of the years and which if produced would show that the taxes so claimed to have been paid were not assessed according to law and hence not lawful taxes.

The land is unimproved and has not been in the actual occupation of any one.

The judgment in the circuit court was for the plaintiff adjudging the title to be entirely in him and that defendants have no interest in the land. From that judgment defendants have prosecuted this appeal.

Defendants do not now contend that they have any title by force of their sheriff's deeds, but they do contend that the plaintiff has been guilty of such laches as preclude him from recovery at this late day, and that he is barred by the Statute of Limitations, or if he is entitled to the land he should at least be required to reimburse defendants for the taxes they have paid.

I. The doctrine of laches as a bar to an asserted

right is a creation of equity jurisprudence and though it has some analogy, in its application, to the Statute of Limitations, yet it differs from that and rests on its own equitable grounds; like all purely equitable doctrines it is applied only when the equity of the case demands it. We do not think the circumstances of this case demand its application.

Defendants' testimony tends to show that the plaintiff, who although he has held the legal title since 1869, yet has never been in possession of the land and has never paid any taxes on it, during all that period, more than thirty consecutive years. Those facts would have been sufficient to have barred the plaintiff, under section 4268, Revised Statutes 1899, called the thirty year limitation, if the land had been in the lawful possession of defendants or one under whom they claim at any time after ten years after the title had emanated from the Government and for one year before the plaintiff brought this suit, but the fact is the land has never been in the actual possession of any one, therefore that statute does not apply.

In the brief for defendants it is said that in Burkham v. Manewal, 195 Mo. 500, it is intimated that five years is the limitation in which to bring suit under section 650, Revised Statutes 1899, the statute under which this suit was brought. But this is a misunderstanding of what was said in that case. The words quoted by the counsel in their briefs from that case are: "The plaintiff could not have brought his suit before the act of 1897 gave him the right to do so, and since he has brought it within five years of that time he is not barred by the Statute of Limitations, and is not guilty of such laches as would bar him in equity, even if this were a suit in equity." The defendant in that case was not contending that the plaintiff was barred by any statute of limitation but was urging that he had been guilty of laches and in the discussion of the doctrine of laches

the court was led to refer to the analogous subject of the Statute of Limitations. The mention of five years in that connection was only the mention of the fact in that case and it would have been to the same effect if it had been said that the suit was brought within one year after the passage of the act and therefore not barred, if such had been the fact in that case.

The act of 1897, now section 650, Revised Statutes 1899, does not prescribe any period within which suit must be brought, but as the suit is one to determine and quiet title to land it falls under the head of real actions, the limitations for which are prescribed in article 1 of chapter 48, Revised Statutes 1899, and not under article 2 of that chapter, which relates to personal actions.

This suit was begun June 9, 1903, less than seven years after the act of 1897 went into effect; it is not therefore barred by the Statute of Limitations.

II. Defendants insist that under the act of March 6, 1903, Laws 1903, p. 254, plaintiff cannot maintain this suit, which they argue, is in effect a suit to set aside their tax deeds without tendering to them the taxes paid by them and by those under whom they claim.

The argument is that the act of March 6, 1903, which requires a plaintiff when he brings suit to get rid of a tax title held by his adversary under a deed which he asserts is invalid, to offer in his petition to pay or refund all the taxes and penalties which his adversary or those under whom he claims has or have paid and that that being a remedial statute it is both retrospective and prospective and calls for the reimbursing of defendants for taxes paid by them before the passage of that act.

A statute that would undertake to impose a legal liability for a past transaction, which was not imposed by the law as it was when the transaction occurred, would be in violation of section 15 of article 2 of our

State Constitution which forbids the enactment of a statute retrospective in its operation. But a statute which is merely remedial, affording a remedy for the redress of an infringement on an already existing right, or the enforcement of an already existing obligation, may be retrospective in its action, without violating the constitutional provision above mentioned. [Potter's Dwarris, p. 470-472; Lewis's Sutherland, Stat. Construction (2 Ed.), secs. 335 and following.]

Before the act of March 6, 1903, there was no legal liability on the owner of land to refund to a man the money he may have paid in a vain effort to obtain a tax title to the property. In such case the man who so paid out his money was regarded in law as a mere volunteer who acquired no right by his outlay and the owner was under no obligation to him. And so the law was when these defendants, or those under whom they claim, laid out their money for the sheriff's deeds they hold and for the taxes they have paid on this land.

But by the act of March 6, 1903, a new legal obligation was imposed on an owner who should suffer his land to be sold for taxes, an obligation that did not exist before; it was the obligation to refund or offer to refund to the holder of the tax deed the taxes that had been paid and interest thereon.

But the obligation created by that act cannot be carried back to cover the sheriff's sale under the judgment for taxes in 1882, under which the defendants claim, to cover the taxes paid by them since 1882 before the passage of the act, because to do so would be to impose a legal liability on the plaintiff for transactions for which when they occurred there was no such liability; it would be to give to the act a retrospective operation, which our Constitution forbids. The act of March 6, 1903, does not apply to tax deeds or sales of land for taxes, or to taxes paid prior to the date the

act took effect, and since all the money paid by defendants or those under whom they claim was paid prior to that date, they are not entitled to recover it in this suit.

This is the construction which our St. Louis Court of Appeals has given the act of March 6, 1903 (Petring v. Current River L. & C. Co., 111 Mo. App. 373); and which this court, also, in Manwaring v. Missouri L. & M. Co., 200 Mo. 718, has given it. It is also the view taken by the trial judge in this case and it is correct. The judgment is affirmed.    All concur.