GREEN CITY v. CALVIN S. MARTIN, Trustee and *Ex Officio* Treasurer of Penn Township in Sullivan County, Plaintiff in Error.

In Banc, November 27, 1911.

1. **LEGISLATIVE ACTS: Passed at Same Session: Emergency Clause.** Where two acts on the same subject are passed at the same session of the General Assembly, one with and the other without an emergency clause, the one without the emergency clause goes into effect after the other does.

2. **TAXATION: Twenty-five Cents for Roads and Bridges: Referable only to Constitutional Amendment of 1908.** An assessment and levy of twenty-five cents on the one hundred dollars assessed value of property by the township board in a county under township organization in 1909 for road and bridge purposes is referable for its validity only to the constitutional

amendment of 1908 and the statutes enacted pursuant thereto, if valid at all, for prior to that time the township could not assess in excess of fifteen cents on the one hundred dollars.

3. **TAXES: Levied for Roads and Bridges: Division with City in Township.** A city located within a municipal township in a county under township organization is not entitled to any part of the constitutional road and bridge fund of twenty-five cents on the hundred dollars which the township board is authorized to levy. Section 11767, R. S. 1909, providing that "the money derived from taxes on property, situate wholly within incorporated cities, shall be paid to the treasurer of such city, to be applied to the construction and reconstruction of roads and highways in said municipal corporations," if any validity it has, does not apply to that fund. The assessment, levy and disbursement of that fund are controlled by the constitutional amendment of 1908 and sections 11769 and 11770, and they do not permit any of the fund to be turned over to the cities within the township.

4. ———: ———: ———: **Retroactive Law.** A statute pertaining to the division of money raised by taxation with cities within the township by whose board the taxes were levied, enacted in 1909 without an emergency clause, cannot be made to apply to taxes levied in 1909, without giving to it a retroactive effect, and that will never be done in the absence from the statute of words clearly importing that idea, and then only when it squares itself with the constitutional provision relating to retrospective laws.

5. ———: ———: ———: **Levy: Statute Necessary.** Whether or not the road and bridge tax of twenty-five cents on the hundred dollars can be levied by the township board under the constitutional amendment of 1908 unaided by a statute, it yet remains true that, if levied and collected, the taxes raised from property lying within a city in a township cannot be turned over to the city to be used on its streets until there is a statute authorizing such division.

Error to Sullivan Circuit Court.—*Hon. Fred Lamb, Judge.*

REVERSED AND REMANDED (*with directions*).

*Higbee & Mills* for plaintiff in error.

(1) This tax belongs to Penn township; it was levied in April 1909, under the provisions of section

10,326, laws 1907, p. 419, and sec. 10,327, R. S. 1899. This section was repealed by sec. 19, p. 876, Laws 1909, being sec. 11,767, R. S. 1909. It provides that the township board of directors, at the regular meeting in April of each year, shall assess, etc. This act became effective November 1, 1909, (Laws 1909, pp. 643, 647, sec. 15) and unquestionably looks to levies to be made in the future. The provision that the money derived from taxes on property within an incorporated city shall be paid to the treasurer of such city, town or village does not purport to apply to a tax levied in April, 1909, under the provisions of sec. 10,326, Laws 1907, p. 419, or attempt to divert it to any other use or purpose. "The language of the act looks to the future." "Statutes not expressly made retrospective in terms are otherwise construed if possible; and where retrospective are construed as narrowly as possible." "Courts refuse to give retroactive construction unless the intention is so clear and positive as by no possibility to admit of any other construction." State ex rel. v. Thompson, 41 Mo. 25; State ex rel. v. Ferguson, 62 Mo. 77; State v. Grant, 79 Mo. 113; State ex rel. v. Allen, 80 Mo. 613; Shields v. Johnson County, 144 Mo. 82; Manwaring v. Lumber Co., 200 Mo. 732; Minter v. Bradstreet, 174 Mo. 489; Todd v. Comers, 104 Mich. 474; Stewart v. Vandervort, 12 L. R. A. (W. Va.) 50; 8 Cyc. 1022 (4); 1 Black. Com. 14. It must be presumed that the township board made its plans, incurred obligations and made its levy in April, 1909, to meet contemplated expenditures for that year. Andrew County v. Schell, 135 Mo. 34; Decker v. Diemer, 229 Mo. 336. The Act of 1909, repealing the law under which these obligations were incurred, had not then been conceived. If it is retroactive and applies to the levy of 1909, why not also to that of 1908, as claimed in the Thompson and Ferguson, cases supra? (2) The alternative writ does not state facts sufficient to constitute a cause of action. Error is apparent upon the face of the rec-

ord. The sufficiency of the allegations of the alterna-tive writ may be raised for the first time in this court. Hoffman v. McCracken, 168 Mo. 343; Hubbard v. Sla-vens, 218 Mo. 621; Hanson v. Neal, 215 Mo. 277.

*R. E. Ash* and *John W. Bingham* for defendant in error.

(1) We base our right to recover in this action under and by virtue of the constitutional amendment of 1908, now sec. 22, art. 10. The levy made by the township board of directors of Penn township was made in pursuance to this amendment and not under section 10,326 of Laws 1907, p. 419, as asserted by plaintiff in error. This amendment to the Constitu-tion did not require any legislative act to carry it into effect, as it was self-enforcing. Kelley-Goodfellow Shoe Co. v. Sally, 114 Mo. App. 227; State ex rel. v. Gibson, 195 Mo. 260; 8 Cyc. 752-753; State v. Kyle, 166 Mo. 287; Acme Dairy Co. v. City of Astoria, 90 Mo. 153; Spratt v. Helena Power Co., 94 Mo. 631; In re McNaught, 99 Mo. 241; Older v. Superior Court, 102 Mo. 829. (2) The alternative writ states a cause of action and pleads all the facts necessary to constitute a cause of action under the constitutional amendment adopted at the regular November election, 1908. This amendment looks to the courts and not the Legislature to carry it into effect. Davis v. Burke, 179 U. S. 399; Sharp v. National Biscuit Co., 179 Mo. 561.

LAMM, J.—Mandamus. Error to Sullivan Cir-cuit Court. For convenience, relator below (defend-ant in error here) will be called plaintiff. Similarly, respondent below (plaintiff in error here) will be called defendant.

Sullivan county is under township organization, with a municipal township dubbed "Penn." Within the borders of Penn township lies "the city of Green

City''—one of the fourth class. For the year 1909 there was assessed, levied and caused to be collected by the board of directors of Penn township a road and bridge tax of twenty-five cents to each hundred dollars of the valuation of its taxable wealth—this it is claimed, by virtue of a constitutional amendment (presently set forth), adopted in November, 1908, and now appearing as section 22 of article 10 of our Constitution. In due time the tax so collected came into the official hands of defendant Martin—said Martin being trustee of Penn township and, by that token, by grace of the statute, *ex officio* treasurer. Of the body of that tax $457.70 came from taxable property situate within the limits of the city of Green City. Presently there sprang up a dispute and squabble, viz.: plaintiff contended said sum of $457.70 should be turned over to Jones, its city treasurer, to be used on its streets. Defendant stood out against that view of it. Straightway on the heels of that dispute a demand was made (and refused) for said sum. Thereat plaintiff sued out an alternative writ of mandamus in the Sullivan Circuit Court. Presently such steps were there taken as made the facts set forth in the alternative writ (which facts already sufficiently appear) conclusive on defendant for the purposes of the case, and left the only open question one of law. Presently judgment went against defendant and a peremptory writ was awarded. Thereat defendant in due time brought error. Whereupon we granted a supersedeas on defendant's giving bond.

There stood on the Revised Statutes of 1899 section 10,326. In 1907 (Laws 1907, p. 419) that section was amended. The amendatory act provided, *inter alia,* that the township board of directors shall, at their regular meeting in April of each year, assess the amount of road tax levied on each $100 worth of real and personal property, etc., subject to taxation in the township. It became part of the administrative

scheme outlined in article 14, chapter 168, Revised Statutes 1899, relating to township organization and roads, bridges, etc., thereunder. Thereby the township board had control of roads and road districts, and, under given conditions, constructed and kept in repair bridges. Such board (1899) had power to levy a road tax of twenty cents on the $100 valuation (R. S. 1899, sec. 10,324). That statute was repealed in 1901 and a new one enacted giving such board the right to levy 15 cents. [Laws 1901, p. 254.] The then scheme is silent in regard to dividing the road taxes with cities situate in the township, and there was then, of course, as now, the familiar well known constitutional limitation on the power of taxation for all township or county purposes.

Such was the statutory scheme at the time the road taxes in question were assessed, levied and became due.

Turning now to the Constitution. In 1908 an amendment thereto was adopted enlarging the constitutional right of taxation for road and bridge purposes. That amendment appears now as section 22, article 10, reading:

"In addition to taxes authorized to be levied for county purposes under and by virtue of section 11, article 10 of the Constitution of this State, the county court in the several counties of this State not under township organization, and the township board of directors in the several counties under township organization, may, in their discretion, levy and collect, in the same manner as state and county taxes are collected, a special tax not exceeding twenty-five cents on each $100 valuation, to be used for road and bridge purposes, but for no other purpose whatever; and the power hereby given said county courts and township boards is declared to be a discretionary power."

In 1909 the Legislature, evidently working on the theory that said amendment to the Constitution con-

templated (or needed) legislative aid to breathe into it the breath of life as a going and operative law, passed an act approved May 6th, 1909, with an emergency clause (Laws 1909, p. 767) reading:

"Section 1.    *May levy twenty-five cents on hundred dollars for roads and bridges.*—The county court of any county in the State which is not under township organization, and the township board of directors of any township in any county which is under township organization, may, annually, in their discretion, at the same time and in the same manner as taxes are now required by law to be levied for county purposes, levy an annual tax in addition to those now authorized by law in any amount not exceeding twenty-five cents on each one hundred dollars valuation on all property subject to taxation in such county or township, to be known as a special road and bridge tax." [Now Sec. 11,769, R. S. 1909.]

"Sec. 2.    *How collected and for what used.*—All taxes levied under the provisions of the foregoing section shall be collected in the manner and at the same time as taxes for county purposes are now collected, and all moneys arising therefrom shall be by the county court or township board of directors appropriated, set apart and kept as a special road and bridge fund, and shall be used for road and bridge purposes, and for no other purpose whatever." [Now Sec. 11,770, R. S. 1909.]

By its further act, approved June 1st, 1909, the same Legislature repealed the whole of article 14, chapter 168, Revised Statutes 1909, and enacted a new law in 39 sections covering the subject-matter of said article 14, and outlining a new scheme relating to roads, highways and bridges under township organization. [Laws 1909, p. 870, *et seq.*] As there was no emergency clause to this new act; it went in effect later. [State v. Schenk, just handed down.]    Among

others, this new act carried the following provision (Sec. 19, now Sec. 11,767, R. S. 1909):

"Sec. 19. *Board shall assess property.*—The township board of directors *shall,* at the regular meeting in April of each year, assess upon all real and personal property in their township made taxable by law for state and county purposes, including railroad, telegraph and telephone lines, a tax for road and bridge purposes, which shall not exceed twenty-five cents on the one hundred dollars valuation. Said road tax shall be collected and paid by the township collector into the township treasury as other township tax, and the township treasurer shall place the same to the credit of the road district from which said tax was collected, and shall pay same to the overseer of said district on the warrants of the township board. The money derived from such road tax shall be expended by the respective road overseers, under the direction of the township board, *in purchasing necessary tools with which to work the roads in his district,* in purchasing material to build or repair bridges and culverts, and for such other expenditure as may be necessary to keep the roads in his district in good order: *Provided,* that the money derived from taxes on property, situate wholly within incorporated cities, towns and villages, shall be paid to the treasurer of such city, town or village, to be applied to the construction and reconstruction of roads and highways in said municipal corporations."

Such are the constitutional and statutory provisions held in judgment. The question here is: Under the facts first outlined, and the provisions of law set forth, could the writ of mandamus go?

We answer that question, no, because:

The writ, the petition (and the brief of plaintiff's counsel) proceed on the underlying theory that the tax in question was assessed and levied by virtue of

237 Sup.—31

section 22, article 10, supra, of the Constitution. We think that position sound if the tax is to be allowed any legal foundation at all. This, for the reason there was no authority then existing to make a road and bridge levy of twenty-five cents on the $100 valuation except we put our finger on said constitutional provision. Under the statute in force at the time of that levy and assessment the board could not go over fifteen cents to the $100 (See R. S. 1899, sec. 10,324, supra, as amended in 1901, Laws 1901, p. 254), and the new statute permitting a levy of twenty-five cents to the $100 (Sec. 11,767, R. S. 1909, supra) had not become effective at the time. So that unless the assessment and levy were made under said amendment to the Constitution they take root in no warrant of positive law. They may be likened to a certain well known dove sent forth from the ship of an ancient navigator, which, for the nonce, found no rest for the sole of its foot.

Counsel for plaintiff do not contend there is any authority in said constitutional provision itself for the division between the city of Green City and Penn township of the tax so assessed, levied and collected. Their position is that the right to such division is found in the statute, viz., in the *proviso* at the foot of said section 11,767. They put all their eggs in that basket. If it fall—what then?

Let us look to the matter. A critical gloss of that section furnishes indubitable internal evidence that neither the section nor the proviso has a whit to do with a tax laid under that constitutional amendment. The section is merely an attempted continuation of the old power and duty existing before the amendment to collect taxes at large for road purposes. A comparison of the language of the amendment with that of the section puts that view of it quite beyond doubt or cavil. For instance:

The amendment makes the power to levy the tax a discretionary power in the board or county court. It uses the auxiliary verb "may." There is much vital matter coiled up in that *may;* for thereby it cometh to pass that the tax may be, or may not be, levied precisely as the informed discretion of the board or court speaks at the time. *E converso* the section is imperative and mandatory in form. It says the court or board "shall" make the assessment, etc. The only leeway left to board or court, under section 11,767, is in the amount of the levy and not in the fact of the levy.

Again, the amendment makes the proceeds of the levy a special fund for a limited and specific purpose, viz., "to be used for road and bridge purposes, but for no other purpose whatever." Now, section 11,767 ordains that the tax levied under that section may be used for the purposes, among other things, of buying tools with which to work the roads in the district. Is not such use foreign to the purview of the closely guarded constitutional amendment?

Again, in the proviso to the section (the staff plaintiff leans on) it is said that the *pro rata* share paid to the city treasurer "shall be" applied to the "construction and reconstruction of roads and highways." It says nothing about bridges. In a popular or colloquial sense a bridge may be part and parcel of a road or highway. Therefore, in a broad way, when a statute says highways and roads it may mean bridges also. But our road statutes, *passim,* use the term bridges when they mean bridges. So the amendment to the Constitution we are considering specially mentions bridges as well as roads. In that view of it, is it not a little singular that the term "bridges" should be omitted in the proviso to the statute if that statute, as contended, was intended to supplement the Constitution, and affect taxes going into a special road and bridge fund?

Finally, the matter is set completely at rest when we see, as we must, that the Legislature, by other provisions of law, enacted at the same session, undertook to aid the amendment, put it afoot as a going law and safeguard the constitutional fund by outlining administrative details. Witness: Revised Statutes 1909, sections 11,769 and 11,770, supra. Plainly those sections gave legislative directions anent that constitutional tax and cover the subject-matter like a blanket. They speak of an "additional" road tax, precisely as the Constitution speaks of an additional road tax. Withal, the sections speak of the tax as "a special road and bridge tax." Therewith they agree with the intent and verbiage of the amendment itself. The sections speak of the tax as one over which, touching its levy, the county or township has a discretionary power. Therewith they connect themselves in words and thought directly with the amendment. Moreover, section 11,770 is the mandate (and only mandate) of the lawmaker defining the officials into whose hands the constitutional tax passes, and who are charged with the disbursement thereof in a way to subserve the constitutional purpose. It ordains, *inter alia,* that "all moneys arising therefrom shall be by the county court or township board of directors appropriated, set apart and kept . . . and . . . used for road and bridge purposes, and for no other purposes whatever." That language rivets the statute to the constitutional amendment, and, in its administrative details, points to the township board as the legal custodian and disburser of the special fund. By the same token it excludes the city. (*Expressio unius, etc.*) The force of section 11,767, if any, must be held to be spent on other road levies.

The premises considered, we rule that the section relied on by plaintiff, viz., 11,767, does not apply, but that sections 11,769 and 11,770 do apply. Wherefrom it follows that no division of the constitutional

road and bridge fund between the city and township finds warrant in the law, *ergo* the judgment was wrong.

A further legal barrier in plaintiff's way—one not to be overleaped—is this: Were we to admit, by way of argument only, that the division of road funds directed by section 11,767 had reference to the special constitutional road and bridge fund, yet to hold it applicable to the tax levy of 1909 would be to make it retroactive. This, absent words in the statute clearly importing such idea, we could not do. Retroactive laws are likely to be unjust and are never allowed except they have legislative sanction, express or necessarily implied, and then they must square themselves with the constitutional provisions leveled at retrospective laws. [Manwaring v. Lumber Company, 200 Mo. 718; Clark v. Railroad, 219 Mo. 524, *et seq.*]

Counsel for defendant, under this head, cite us to two cases relating to taxes and apparently running on all-fours. [State ex rel. v. Thompson, 41 Mo. 25; State ex rel. v. Ferguson, 62 Mo. 77.]

Counsel for plaintiff argue that the constitutional amendment in judgment is self-enforcing—i. e. that the tax in hand could be levied without an aiding legislative act. As to that we say neither aye nor nay. Let the question be reserved for some case turning on it. The final and decisive question here is not so much by what law the tax was levied, or whether the levy was legal or not, but by what law it is to be divided, if at all. If it be as argued, yet counsel do not contend the city gets any of the tax by virtue of the Constitution. They are driven to the statute for their right, and the statute they lay hold of fails them. If the division of such special road and bridge taxes be just, relief must be asked at the hands of the lawmakers, not of the courts.

Counsel for defendant make some contentions, which, in view of the disposition to be made of the case, we deem afield.

State ex rel. v. Chillicothe.

The judgment is reversed and the cause is remanded with directions to quash the alternative writ and deny a peremptory one. It is so ordered. All concur.